## E. J. McGAVOCK v. H. B. WHITFIELD et al.

1. PLEADING — OBJECT OF PLEADING.—The object of pleading is to put upon the record the altercations of parties, until they come to an issue of fact or law.

2. SAME — RULE AS TO DEPARTURE IN PLEADING.—All the pleadings by the plaintiff subsequent to his declaration must be in aid and support of the cause of action therein stated.

3. SAME — SAME — SAME AS TO DEFENDANT'S PLEADINGS. — So the defendant must conform his rejoinder to a maintenance of the defense made by the plea.

4. SAME — SAME — DECLARATIONS AGAINST MARRIED WOMEN, AND REPLICATIONS.—Where to a declaration on a promisory note, the plea of coverture is set up, the new matter, that the consideration of the note brought the contract within the 25th article of the Code of 1857, in reference to married women and their separate estate, may properly be put in a replication to the plea.

Argument for plaintiff in error.

5. SAME — SAME — EFFECT OF A DEMURRER. — A demurrer brings into review the whole record and should be applied to the first material defect in the pealdings.

6. SAME — SAME — RULE AS TO PLEADINGS SUBSEQUENT TO THE DECLARATION. —After the declaration, the pleadings must be either a traverse or confession and avoidance.

6. SAME — SAME — SAME.—A rejoinder containing no new matter of avoidance, and concluding with a verification, is ill pleading.

7. HUSBAND AND WIFE — COVERTURE NO PROTECTION TO HUSBAND.—A wife's coverture is not a bar to a recovery against a husband, on her promissory note, where he is surety.

8. SAME — WIFE'S CONTRACTS IF LAWFUL, NOT AFFECTED BY SURETIES.—If a wife's contract be such as she can make within the terms of the married woman's law, it is obligatory on her although other parties sign as her sureties.

9. GUARDIAN AND WARD — GUARDIAN CANNOT BIND WARD'S ESTATE AS SURETY.—There is no law which permits a guardian to bind the estate of his ward by incurring for him the obligation of surety for another.

ERROR to the circuit court of Lowndes county.  ORR, J.

The facts appear in the opinion of the court.

*Humphries & Sykes,* for plaintiff in error.

1. We admit that it is a general and invariable rule that on a demurrer the court will consider the whole record and give judgment for the party who, on the whole, appears to be entitled to it.  Le Buch v. Papillon, 4 East, 502 ; 1 Saund. n. s. 285, and decisions innumerable that we might cite, coming down to the present time.  This is the very point for which we contended and conceded in the argument in the court below, maintaining that, if the surrejoinder was bad, the demurrer would reach back to the first defect in the pleadings, to wit : the rejoinder, deeming as we did, and yet believe, the amended declaration good and unimpeachable ; for, though the declaration does not state facts and circumstances going to show that the note was given for supplies for the plantation of the wife, etc., as is required by art. 25, p. 336 of Rev. Code, in order to recover against the wife, yet the replication does set forth *in extenso,* and specifically, what the consideration of the note was, which is sufficient, if proven, to cure the defect in the declaration, and to bind the separate property of the wife.  Hardin v. Phelan, 41 Miss. 112.

Again : "A partnership as between the parties themselves is a voluntary contract between two or more persons for joining together their money, goods, labor and skill, or any or all of them, under an understanding that there shall be a communion of profits between them, and for the purpose of carrying on a legal trade, business or adventure." Collyer on Part., § 3, p. 2. Or, as Chancellor Kent more concisely defines it, on the twenty-fourth page of his third volume (5th ed.): "A partnership is a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profits and bear the loss in certain proportions."

2. In order to arrive at the rights and responsibilities of married women as they exist in this state at the present time, we cannot separate the various decisions which have been delivered upon that point from the statutes to which they respectfully related.

The first act for the protection and preservation of the rights of married women was approved February 15, 1839. This act simply referred to the separate possession of property by the wife. "That she might take slaves by conveyance, gift," etc., and fourth "the control and management of all such slaves, the discretion of their labor, and the receipt of the productions thereof, shall remain to the husband agreeably to the laws heretofore in force." This was a slight and first innovation upon the old common law.

The act of February 28, 1846, being an amendment of article 4 of the act of 1839, does not make a material change in the law respecting the rights of married women. Article 4 of said act is, "It shall be competent for her jointly with her husband to make any contract for the sale or hire of any such slaves, for their necessary clothing, maintenance, care and support, and for the employment of an agent or overseer for their management and control; and all contracts for the purchase of supplies for the plantation or slaves, or for the slaves alone owned by any married woman,

made by the husband and wife, or by either of them, either expressed or implied, shall be obligatory upon the husband and wife, and may be enforced against the proceeds and income of the separate property of such married woman."

This last, it will be perceived, makes a considerable innovation upon the preceding acts, enlarging and increasing the rights and liabilities of married women. If we turn back another page, we will find the act of 1857, Rev. Code, p. 336, art. 25, extending still further her rights and liabilities, but at the same time throwing around her the protection of the strong arm of the law, by saying, "that all contracts made by the wife or by the husband, with her consent, for family supplies or necessaries, wearing apparel of herself or of her children, or for their education, or for household furniture, etc., or for buildings on her land or premises, or the material therefor, or for work and labor done for the use, benefit or improvement of her separate estate, shall be binding on her, and satisfaction may be had out of her separate property.

What then does this result in, but a recognition of the rights of a married woman for the enumerated contracts embraced in art. 25 of Rev. Code, p. 336, to bind her separate estate for the purposes specified; and if able to bind it by her individually, why not by her joint note with her husband and others? Does common sense dictate a discrimination? We submit respectfully these points to the consideration of the court.

*James T. Harrison*, for defendants in error.

It is a settled rule of pleading, that a replication, etc., must not depart from the allegations of the declaration in any material matter. 1 Chitty's Pl. 681.

A departure in pleading is where a party quits or departs from the case which he has first made, and has recourse to another, as where a replication, rejoinder, etc., contains matter not pursuant to the declaration, plea, etc. 1 Chitty's

Pl. 682; Stephens on Pl. 405, 406; Gould on Pl. 453, 454; 3 Black. Com. 310; 20 Johns. 163; 1 Cow. 319.

A departure may either be in the substance of the action, or defense, or the law on which it is founded; as, if a declaration be founded on the common law, and the replication attempt to maintain it by a special custom, or statute, etc. 1 Chitty's Pl. 681, 682, 683; 1 Stephens on Pl. 408; Buller's N. P. 17; Gould on Pl. 453, 454; Archbold's Civil Pl. 259, 260.

In an action against an executor, a count cannot be introduced which would charge him personally; for the judgment in one case would be *de bonis testatoris*, and in the other *de bonis propriæ*. 1 Chitty's Pl. 235; 2 Saund. 117; Myers et al. v. Cole & Nivan, 12 Johns. 349, and cases cited; Demott v. Field, 7 Cow. 58; Christopher v. Stockholm, 5 Wend. 36; 3 ib. 244; 8 ib. 530; 5 ib. 91; 8 Johns. 440.

And the same rule applies as to administrators, guardians and other persons acting in a fiduciary capacity.

In the present case there is a misjoinder of both the parties, and causes of action. Henry B. Whitfield is made to appear, in the surrejoinder, in three different capacities: 1st. As Henry B. Whitfield, individually; 2d. As husband; 3d. As the guardian of a minor. What judgment would be rendered against him? And, if his wife comes in under the statute, what kind of a judgment would be rendered against her? And how as to the guardian? The note is signed as guardian, and the declaration is against the guardian. It would be a short and quick way to use up the estates of minor children, if a guardian was allowed to pledge his ward's property as security for the maintenance and support of his, the guardian's, own wife and family, as is attempted in the present case by the replication and surrejoinder. A misjoinder is fatal on demurrer, or in arrest of judgment, or upon error. 1 Chitty's Pl. 236; Cooper v. Bissell, 16 Johns. 146.

An action on the *assumpsit* of husband and wife and against both, is bad; for as to the wife the promise is void.

1 Chitty's Pl. 66, 67; Archb. Civ. Pl. 57, 58; 2 Saund. Pl. and Ev. 85. And where a married woman is sued upon her supposed contract, made during coverture, she may plead her coverture in bar, or give it in evidence under the general issue. And where the husband and wife are improperly sued jointly, on a contract after marriage, the action will fail as to both. 2 Saund. Pl. and Ev. 87; 1 Chitty's Pl. 66, 68; 1 Binney, 575.

At common law, the promissory note of a *feme covert* was absolutely null and void; and this rule applies in Mississippi, except so far as validity is imparted to the contracts of a *feme covert* by statute. The *feme covert* is still subject here to her common-law disabilities, except as to the class and subjects of contracts enumerated in the statutes. Whitworth et al. v. Carter, 43 Miss. 61; Dunbar et ux. v. Meyer, Deutch & Co., ib. 679; Davis v. Foy, 7 Smedes & Marsh. 67; Doyle v. Doyle, ib. 73, 75; Robertson et ux. v. Bruner et al., 24 Miss. 242; Berry v. Bland, 7 Smedes & Marsh. 83; 34 Me. 566; 6 Ala. 738; 8 ib. 399; 1 Pars. on Bills and Notes, 79; Story on Prom. Notes, § 87; 21 Barb. 546; 15 ib. 28; 2 Sandf. 311.

The date of the note sued on is January 1, 1868; and the debt was due and payable 1st January, 1869. There was a credit of twelve months. The case arose under the statute of 1857.

It was held in Hardin v. Phelan, 41 Miss., that the plaintiff must set out, in his pleadings, the special considerations that authorize a married woman, by our laws, to make a binding contract—must set out the facts, etc. Hardin v. Phelan, 41 Miss. 114; Dunbar et ux. v. Meyer, Deutch & Co., 43 ib. 685. In neither of these cases did any such questions of pleading arise as in the present case.

If a surrejoinder as to one plea only can supply the want of proper averments in the whole declaration, where other pleas are filed and issue had been taken upon them, still, the surrejoinder must state the facts and circumstances, the existence of which might render the contract binding

upon the *feme covert*, as well as the other parties to the note, who are joint defendants in the action.    And there must be the same certainty as in a declaration.    The pleadings must be certain, positive and true.    They must be certain as to the parties, subject-matter, time, place, quantity, value, etc.    Steph. on Pl. 314, 315, 317; Gould on Pl. 80, 81, 87; Archb. Civil Pl. 100, 101, 106, 107; 1 Chitty's Pl. 267, 268.

The general, loose, contradictory and sweeping statement in the surrejoinder as to how the three makers of the note became liable upon the pretended and various considerations conjured up by the pleader's imagination, wants every element of certainty.    The facts must be set out fully.    And the pleadings must not be repugnant.    Archb. Civil Pl. 259; Gould on Pl. 155; Stephens on Pl. 278; 1 Chitty on Pl. 262.    But how does it help out and supply the defects of the declaration for a surrejoinder to contradict and disprove it, and narrow down and evade it?    The two are inconsistent, and cannot stand together.    The demurrer is well taken, and will apply to the declaration, replication and surrejoinder.    The plaintiff refused to amend, and must abide the consequences.    The Code does not dispense with the substantial requisites of pleading.    While technical forms are abolished, the matters of substance which they were designed to present to courts, are wisely preserved.    Hart v. Southern R. R. Co., 40 Miss. 392.

Simrall, J. :

The plaintiff brought suit against the defendants in error, to recover the amount of a promissory note made by them. An amended declaration was filed, and the pleas which had been put into the original were made applicable to the new pleadings.    Mrs. Laura Whitfield pleaded coverture; her husband also pleaded coverture.    To these pleas there were replications, setting out that the note was given for supplies for the plantation of the said Laura, and for her family supplies and necessaries; wearing apparel for herself and

children ; for mules, horses and buildings upon her lands, the same being her separate estate.   To the replications there was a rejoinder, traversing the consideration as set out in the replication, and averring that the note was on its face joint, she being a married woman, incapable of making such a contract, concluding with a verification.

To these there were surrejoinders, admitting that the note was joint, that Mrs. Whitfield was covert, and reiterating the consideration of the note as set out in the replications.

The fact was also relied upon in the pleas of H. B. Whitfield, that the note did not bind the estate of his ward, he having no power, as guardian, to execute such a note, on the consideration mentioned in the pleadings.

To the surrejoinders, H. B. Whitfield and Laura, his wife, demurred, assigning several causes, which was sustained, and the plaintiff declining to amend or plead further, judgment was rendered in bar of his suit.

There were other pleadings in the cause, but as no question is made upon them, it is not necessary to notice them.

The object of pleading is to put upon the record the altercations of the parties, until they come to an issue of fact or law.   All the pleadings of the plaintiff, subsequent to his declaration, must be in aid and support of the cause of action therein stated.   He is not, in his replication, or other after-pleading, allowed to shift his ground, and bring forward a new and independent cause of action, that would be a departure; so the defendant must conform his rejoinder to a maintenance of the defense made by his plea.

The plaintiff counted upon a promissory note made by H. B. Whitfield, personally, H. B. Whitfield, guardian of John D. Young, and Laura Y. Whitfield.   The defense set up by the pleas was the coverture of Laura Y. Whitfield, and that the guardian did not by this note impose a liability on the estate.

The declaration did not disclose the fact that Laura Y. was the wife of H. B. Whitfield, but the plaintiff, in order to obviate the effect of coverture upon the contract, replied

the new matter, that the consideration of the note (detail-. ing it) brought the contract within the 25th art. of the Code of 1857, in reference to married women and their separate estate, and therefore the wife was bound by it. In this, there was no departure from the cause of action in the declaration ; it was rather a novel assignment, disclosing fully and at large the same "right" of action. It was legitimate and logical pleading, precisely as in the case of Hardin v. Phelan, 41 Miss.

The defendant in the rejoinder set up no new matter, nothing of avoidance was introduced, it brought into the record no new facts in aid of the plea. Nor did the surrejoinder introduce any facts in support of the declaration and replication. It is a familiar rule in pleading that a demurrer brings into review the whole record, and should be applied to the first material defect in the pleadings. The demurrer of Mrs. Whitfield to the surrejoinder ought to have been extended back and applied to the rejoinder to the replication. After the declaration the pleadings must either be a traverse or confession and avoidance. This rejoinder does not include any new matter of avoidance, and ought to have been a traverse of the replication. The demurrer of H. B. Whitfield ought to have been extended back and applied to his plea of his wife's coverture. Her coverture was no defense for him, and is not a bar to a recovery against him. Whitworth v. Carter, 43 Miss. 61. For these errors the judgment must be reversed. As the case will be returned to the circuit court, it may be proper to state the principles of law applicable to the defenses made in the pleadings. It is no objection to the liability of Mrs. Whitfield that the note is the joint promise of the makers, if the facts detailed in the replication to her plea of coverture be true. If the contract be such as she can make, within the terms of the "married woman's law," it is obligatory on her, although other parties sign as her sureties. There is no law which permits a guardian to bind the estate of his ward by incurring for him the obligation of surety for another. If it be

true that H. B. Whitfield signed the note as guardian for his ward, no judgment affecting the ward's property, or to be satisfied out of it, can be rendered.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.